# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FLORIDA CAPITAL BANK MORTGAGE,
  *Plaintiff*,

v.

ARTHUR T. NUNLEY *and*
CORI NUNLEY,
  *Defendants*.

No. 3:20-cv-00044 (JAM)

## ORDER TO SHOW CAUSE WHY CASE SHOULD NOT
## BE REMANDED TO STATE COURT

On January 2, 2020, plaintiff Florida Capital Bank Mortgage filed a lawsuit in the

Housing Session of the Connecticut Superior Court against defendants Arthur and Cori Nunley.

Doc. #1 at 8-14. The state court complaint alleges that Florida Capital has acquired ownership by

foreclosure of premises located at 57 Ashford Street in West Haven, Connecticut. Doc. #1 at 8.

The state court complaint further alleges that the Nunleys' right to occupy the premises has

terminated and that they were served with a notice to quit but have refused to vacate the

premises. *Ibid.* The complaint seeks judgment for possession of the premises. *Id.* at 10.

On January 10, 2020, the Nunleys filed a notice of removal to remove this case from state

court to federal court. Doc. #1. According to the Nunleys, "this court has jurisdiction of the

above entitled action because it involves disputes arising under Title 15 of the United States

Code, specifically, the Fair Debt Collection Practices Act and the Fair Credit Reporting Act." *Id.*

at 3.

A defendant who has been sued in a state court may "remove" the case to federal court if

a federal court would otherwise have jurisdiction over the complaint. *See* 28 U.S.C. § 1441. Two

of the most common grounds for a federal court's jurisdiction are "federal question" jurisdiction

pursuant to 28 U.S.C. § 1331 and "federal diversity jurisdiction" pursuant to 28 U.S.C. § 1332.

It appears that this case does not qualify for federal question jurisdiction because it does not arise under federal law. "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotations omitted). The Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citations omitted). Under the well-pleaded complaint rule, the fact that a defendant may interpose federal law as a defense to a state law cause of action does not give rise to federal-question jurisdiction. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

The state court complaint in this action does not allege any federal cause of action. It does no more than seek a right to possession of the premises—a private property right that is based in state law. Even if the Nunleys believe that they may have federal law defenses to assert against Florida Bank's state law possession claim, these defenses would not suffice to give rise to federal question jurisdiction.

Nor does it appear that removal would be proper on the ground of diversity jurisdiction. For a federal court to exercise diversity jurisdiction, there must be over $75,000 in controversy and there must be "complete" diversity (*i.e.*, all of the plaintiffs must be citizens of different states than all of the defendants). *See* 28 U.S.C. § 1332; *Decormier v. Aurora Loan Servs.*, 2018 WL 6110931, at *1 (D. Conn. 2018). Even assuming these requirements are met, the federal removal statute precludes removal on the basis of diversity jurisdiction if any one of the defendants is a citizen of the state in which the state court action was filed. *See* 28 U.S.C.

§ 1441(b)(2); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-05 (2d Cir. 2019). The papers filed by the Nunleys suggest that they are citizens of Connecticut—the very same state where this action was brought. Therefore, it appears that federal jurisdiction in this case may not be maintained on the basis of diversity jurisdiction.

If the Nunleys have any grounds to maintain that removal is proper, they may file a response to this order to show cause by **February 8, 2020**. Absent a timely and satisfactory response, the Court will remand this case for the reasons stated in this ruling.

It is so ordered.

Dated at New Haven this 31st day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge